IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KENTON N. PAULSON, | ) |
| | ) |
| Plaintiff, | ) Cause No. CV-17-32-GF-JTJ |
| | ) |
| vs. | ) |
| | ) ORDER |
| DUGAN BARR and BARR & MUDFORD, LLP, | ) |
| | ) |
| Defendants. | ) |

## I. Status

The parties have filed three motions in the above captioned matter: Defendants' Motion to Change venue (Doc. 3); Plaintiff's Motion to Remand (Doc. 19); and Defendants' Motion for Leave to Amend Notice of Removal. (Doc. 26) The Court conducted a hearing on all three motions on June 12, 2017. (Doc. 39) All motions are fully briefed and ripe for decision.

## II. Backrgound

Plaintiff Kenton N. Paulson (Paulson) was driving through Blaine County, Montana on November 10, 2014, when he was injured in a motor vehicle collision. (Doc. 8)  The driver of the other motor vehicle was an employee of a business with its principle place of business in Cascade County, Montana. (*Id.*)  Paulson hired Defendants (Dugan Barr) pursuant to a written retainer agreement to represent him in relation to claims arising out of this collision. (*Id.*) The retainer agreement provided that Paulson could discharge Dugan Barr and, if he did so, Dugan Barr would not be entitled to a contingency fee.  (*Id.*)  Rather, Duggan Barr would be entitled to a fee equal to the reasonable value of their of their legal services rendered up to the date they were discharged.  (*Id.*)

Paulson did just that after Duggan Barr allowed the statute of limitations to run on his workers' compensation claim and on March 13, 2017, he filed a complaint in Montana's Eighth Judicial District, Cascade County, alleging he was damaged as a result of Duggan Barr's professional negligence, constructive fraud, and breach of contract.  (*Id.*)  In this same complaint, Paulson also seeks a declaratory judgement that Duggan Barr is not entitled to any attorney's fee from any recovery he obtains.  (*Id.*)

Duggan Barr removed this matter to federal court on April 3, 2017, alleging the Court has diversity jurisdiction. (Doc. 1.) In its Notice of Removal, Duggan

Barr alleged that Paulson is a resident of Montana and that all defendants are residents of California. (*Id.*)

On April 10, 2017, Duggan Barr filed a motion to change venue to Missoula Division alleging the Great Falls Division is an improper venue for this action. (Doc. 3.)

Paulson filed a motion to remand on May 3, 2017, alleging that while the parties are diverse, Duggan Barr's Notice of Removal is deficient because it alleges that the parties are residents, as opposed to citizens, of different states. (Doc. 19.) Duggan Barr filed a motion for leave to file amended notice of removal on May 10, 2017. The Court granted this motion during the June 13, 2017 hearing. (Doc. 39) Duggan Barr filed an Amended Notice of Removal on June 15, 2017, alleging that the parties are citizens of different states and that the amount in controversy exceeds $75,000, exclusive of interests and costs. (Doc. 40.) Paulson's motion to remand is therefore denied because Duggan Barr's Amended Notice of Removal alleges facts necessary to establish diversity jurisdiction under 28 U.S.C. § 1332.

Paulson's motion to change venue to Missoula Division is the only pending motion and is resolved by this Order.

### III. Analysis

Duggan Barr argues that the only proper venue for this action is Missoula Division of the District of Montana because Paulson is a resident of Flathead

County and it is in the Missoula Division. (Doc. 4 at 3.) Paulson argues that when multiple counties are proper venues for an action, a plaintiff may file the action in any of the appropriate counties, and a defendant is only entitled to change of venue if a plaintiff files the action in a county that is not a proper venue for the action. (Doc. 9 at 1.) The Court agrees with Paulson because Cascade County is one of the proper venues for this action, and it is in the Great Falls Division. Duggan Barr's motion to change venue to the Missoula Division is therefore denied.

When determining whether a division is a proper venue for an action, the Court is required to apply Montana law. The Local Rules for the District of Montana state that "venue is proper in any division . . . containing a county of proper venue under the law of Montana." L.R. 32.

Montana law provides the following specific venue statute for actions on contracts:

> (1) The proper place of trial for actions upon contracts is either:
>
>> (a) the county in which the defendants, or any of them, reside at the commencement of the action; or
>>
>> (b) the county in which the contract was to be performed. The county in which the contract was to be performed is:
>>
>>> (i) the county named in the contract as the place of performance; or
>>> (ii) if no county is named in the contract as the place of performance, the county in which, by necessary implication from the

>> terms of the contract, considering all of the obligations of all parties at the time of its execution, the principal activity was to take place.
>
> (2) Subsections (2)(a) through (2)(d) do not constitute a complete list of classes of contracts; if, however, a contract belongs to one of the following classes, the proper county for such a contract for the purposes of subsection (1)(b)(ii) is:
>
>> (a) contracts for the sale of property or goods: the county where possession of the property or goods is to be delivered;
>> (b) contracts of employment or for the performance of services: the county where the labor or services are to be performed;
>> (c) contracts of indemnity or insurance: the county where the loss or injury occurred or where a judgment is obtained against the assured or indemnitee or where payment is to be made by the insurer;
>> (d) contracts for construction or repair: the county where the object to be constructed or repaired is situated or is to be built.

Mont. Code Ann. § 25-2-121

Where declaratory relief is sought in relation to a contract, the place of performance of the contract at issue is a proper venue. *General Insurance Company of America v. Town Pump, Inc.*, 640 P.2d 463, 464 (Mont. 1982). Here, the retainer agreement Paulson entered into with Duggan Barr is a contract to represent Paulson in relation to claims arising out of the motor vehicle collision. One such claim would be a personal injury claim against the alleged negligent driver's employer who resides in Cascade County, Montana. The place of

performance of the contract between Paulson and Duggan Barr would therefore include Great Falls, Montana because this is where the alleged negligent driver's employer resides and, as such, a proper venue for a legal action against the negligent driver's employer would include Cascade County, Montana.  Mont. Code Ann. § 25-2-122( 1)(a).

Cascade County is in the Great Falls Division of the District of Montana. L.R. 1.2(c)(3).  Therefore, the Great Falls Division is the proper venue for Paulson's declaratory judgment claim.

In an action involving multiple claims, such as Paulson's action against Dugan Barr, if venue is proper for any claim, a defendant is not entitled to a change of venue unless the only claim giving rise to proper venue is spurious. *Wentz v. Montana Power Co*., 928 P.2d 237, 241 (1996).  Defendants do not argue and the Court see no evidence that Paulson's claim for declaratory relief is spurious. Therefore, the fact that the proper venue for Paulson's legal malpractice claims may well be in the Missoula Division where Flathead County is located and where Pauslon resides does not change the fact that the Great Falls Division is a proper venue for this action.

## IV.  CONCLUSION

For the reasons mentioned above, IT IS HEREBY ORDERED that Duggan Barr's Motion to Change Venue is **DENIED**.

Dated this 17th day of July 2017.

_____
John Johnston
United States Magistrate Judge